UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. KOCH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE 704 GROUP, LLC,<br><br>　　　　　　　　Defendant. | Case No. 13-cv-2569-BAS(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 14]** |

　　　This action arises from Plaintiff Mark R. Koch's allegations that Defendant 704 Group, LLC violated the Federal Fair Debt Collections Practices Act ("FDCPA") and California Rosenthal Act when it filed a complaint to collect a debt past the statute of limitations.

　　　Now pending before the Court is Defendant's motion for summary judgment. (ECF No. 14.)  For the reasons set forth below, the Court **GRANTS** Defendant's motion for summary judgment.

//

//

## I. BACKGROUND[1]

Defendant is in the business of purchasing portfolios of defaulted debts and then attempting to collect those debts. (Brkich Decl. ¶ 3.) It purchased a portfolio originating with Chase Bank that included Plaintiff's consumer debt in the amount of $13,559.37. (*Id.*) In an effort to collect the debt, Defendant filed a complaint against Plaintiff on January 16, 2013 in the San Diego Superior Court ("state-court complaint"). (Brkich Decl. ¶ 7.) The statute of limitations to collect the debt expired January 14, 2013. (*Id.* at ¶ 8; Koch Decl. ¶ 6.)

Defendant typically hires a filing vendor to file its documents with the court and serve the complaint and summons on the opposing party. (Brkich Decl. ¶ 8.) On January 9, 2013, Defendant sent a filing vendor the complaint against Plaintiff to be filed with the superior court. (*Id.*) However, it failed to inform the filing vendor that the complaint must be filed by a certain date because the statute of limitations deadline was about to expire. (*Id.*) After the filing vendor filed the complaint, it sent Defendant an invoice. (Brkich Dep. 47:13–15.)

To avoid filing debt-collection lawsuits past the statute of limitations, Defendant's procedures include the manager and owner, Michael Brkich, reviewing the debt portfolios for any statute-of-limitations issues; if the debt is past the statute of limitations, it is not pursued. (Brkich Decl. ¶ 8.) When Defendant pursues a debt, it provides the filing vendor with a "File and Serve Request Form" that contains instructions for filing the complaint and service on the opposing party. (Def.'s Ex. 2; Brkich Decl. ¶ 8.) The instructions include a "last filing date" and sometimes an indication there is a "rush" to file the complaint. (*Id.*) Defendant does not have written procedures regarding filling out the request forms. (Brkich Dep. 37:5–8.)

In response to Defendant's state-court complaint, Plaintiff filed an answer on April 22, 2013 asserting the statute of limitations as a defense to the debt collection. (Def.'s Ex. 3; Brkich Decl. ¶ 9.) However, Defendant was not aware that the filing

---

[1] Both parties do not dispute the relevant facts.

1 vendor filed the complaint past the statute of limitations until Plaintiff's attorney
2 informed Mr. Brkich over the phone on April 29, 2013. (Brkich Decl. ¶ 9.) After
3 becoming aware of the statute-of-limitations issue, Defendant dismissed the case on
4 May 6, 2013. (Brkich Decl. ¶ 9.)

5    Plaintiff commenced this lawsuit on October 24, 2013. Defendant now moves
6 for summary judgment on all claims. Plaintiff opposes.

## II.   LEGAL STANDARD

   Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

   A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

   "The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.

2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## III.  DISCUSSION

Defendant moves for summary judgment on Plaintiff's FDCPA and Rosenthal Act claims arguing it did not violate either statute when it filed a time-barred lawsuit.[2] Alternatively, it argues that, even if found that it violated the two statutes, the

---

[2] Plaintiff attempts to move for summary judgment in its favor through his opposition brief. However, the motion is procedurally defective and will not be considered by the Court. *See e.g.,* Civ. L.R. 7.1(b).

bona-fide-error defense in § 1698k of the FDCPA relieves it of liability. Defendant also requests reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30. The Court addresses each issue below.

### A.   Federal FDCPA

The FDCPA aims to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA sets limits for how debt collectors may interact with consumer debtors and third parties while engaging in activities connected to the collection of any debt. *Id.* § 1692, *et seq.*

To state a claim under the FDCPA, "a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). The FDCPA is a strict liability statute. *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 948 (9th Cir. 2011). A defendant's intent and knowledge are relevant only regarding the analysis for the § 1692k bona-fide-error defense. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006).

The only issues before the Court are whether Defendant violated the FDCPA and, alternatively, whether Defendant satisfies the bona-fide-error defense in § 1692k. Both parties stipulate Plaintiff owed a consumer debt and Defendant is a debt collector for purposes of the FDCPA. (Def.'s Mot. J. 3:2-6; Compl. 2:27-28, 3:1-5.) Plaintiff contends Defendant violated §§ 1692e and 1692f of the FDCPA. Section 1962e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section

1962f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

### i. Section 1692e

The Ninth Circuit recognizes that a debt collector can violate § 1692e when it uses the courts to collect a debt past the statute of limitations expiration. *See McCollough*, 637 F.3d at 947. Other jurisdictions have similarly noted this proposition. *See e.g., Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). However, a debt collector attempting to collect a time-barred lawsuit alone may not be enough to violate the FDCPA. *Abels v. JBC Legal Grp., P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005) (reasoning that the statute of limitations is an affirmative defense and does not substantively affect the underlying debt). "Whether conduct violates § 1692e . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)).

In *McCollough*, the district court held the debt collector strictly liable under § 1692e when it filed and maintained a time-barred debt-collection lawsuit. *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) *aff'd sub nom. McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939 (9th Cir. 2011). The debt collector continued to pursue the debt-collection action for four months after it had actual notice the statute of limitations barred the claim, including sending a request for admission to the *pro se* debtor. *See id.* at 1172-73. Additionally, the debt expired two years prior to when the debt collector initiated the action. *Id.* at 1173. The court held the debt collector strictly liable providing minimal reasoning. *See id.* at 1176. Even though the Ninth Circuit affirmed the district court's decision, it only considered the bona-fide-error defense because the debt collector did not appeal

the district court's finding that it was strictly liable for filing a time-barred lawsuit. *See* Appellants' Brief at 20, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (No. 09-35767), 2010 WL 5078950, at *20.

Defendant's actions are dissimilar to the debt collector's in *McCollough* where the debt collector filed the case two years past the statute of limitations and continued to pursue the debt, knowing it was time-barred, by sending a request for admission to the debtor. *McCollough*, 587 F. Supp. 2d at 1172-73. The undisputed evidence in this case shows that Defendant inadvertently filed the debt-collection lawsuit *two days* after the statute of limitations expired and did not maintain the lawsuit when it knew the claim was filed late. The Court finds Plaintiff's evidence of the Defendant receiving an invoice from the filing vendor insufficient to create a genuine issue of material fact to Defendant's statement that it did not know the lawsuit was filed late until April. Moreover, Defendant prepared the complaint and provided it to the filing vendor within the statute of limitations. (Brkich Decl. ¶ 8.) Defendant dismissed the case within a week of learning of the mistake. (Brkich Decl. ¶ 9.) Defendant's actions do not amount to "misleading" or "deceptive" behavior. *See Donohue*, 592 F.3d at 1030; 15 U.S.C. § 1692e.

Defendant's actions are not those that the FDCPA aims to restrict. *See* § 1692, *et seq*. This is not a case of an abusive debt collector taking advantage of a less-sophisticated consumer. *See id.* The undisputed evidence shows Defendant never misrepresented the legal status of the debt, and drafted the complaint in good faith and gave it to the filing vendor within the statute of limitations. Defendant did not deceive Plaintiff because Plaintiff timely defended the claim by asserting the statute of limitations as a complete procedural defense. Most notably, Plaintiff, with absolution of the $13,559.37 outstanding debt that he had owed, benefitted from Defendant's mistake.

Therefore, the Court finds that the undisputed evidence shows Defendant did not violate § 1692e.

### ii. Section 1692f

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute delineates examples of what type of conduct qualifies, namely, the collection of any amount not authorized by law or agreement.

Plaintiff fails to present and the Court is unaware of any binding legal authority holding a debt collector liable under § 1692f when it files a time-barred lawsuit to collect a debt. Other California district courts and jurisdictions have found that filing a time-barred debt-collection lawsuit can be "unfair" for purposes of § 1692f. *See Kimber*, 668 F. Supp. at 1487; *Abels*, 428 F. Supp. 2d at 1027. However, other courts have found the act of filing a time-barred claim alone does not violate § 1692f. *See e.g., Simmons v. Miller*, 970 F. Supp. 661, 666 (S.D. Ind. 1997) (finding that a good-faith filing of a lawsuit is not the type of behavior the FDCPA considers "unfair"); *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *3 (N.D. Cal. May 5, 2003).

A debt collector's conduct can be "unfair" and "unconscionable" when it files a time-barred lawsuit against a debtor without taking reasonable steps to ensure the debt's legal status. *Kimber*, 668 F. Supp. at 1487. For instance, in Kimber, the plaintiff debtor was a representative of a potential class action against a debt collector because the debt collector had filed approximately two-hundred debt-collection lawsuits past the statute of limitations. *Id.* at 1483. The court found the debt collector violated § 1692f when it filed a time-barred lawsuit to collect a ten-year-old debt without inquiring about the statute of limitations when there were several indications that it had expired. *Id.* at 1488. The court reasoned that it was unfair to file a stale lawsuit because the passage of time made it more difficult for the debtor to defend against the claim. *See id.* at 1487-88. Additionally, the court emphasized that it was unjust and not in the defendants' or court's best interests to file lawsuits past the statute of limitations. *See id.* at 1487.

Here, the undisputed evidence shows Defendant did not employ any unfair means to collect the debt, but merely filed a lawsuit in good faith and served it upon Plaintiff. *See* 15 U.S.C. § 1692f. As Defendant points out, California courts recognize the statute of limitations as a procedural defense that can be waived by the defendant if not asserted. *See e.g., Abels*, 428 F. Supp. 2d at 1027. The Court does not find *Kimber*'s reasoning that stale claims are unfair applicable to this case because the statute of limitations had only expired by two days when the lawsuit was filed. As opposed to other cases, time-barred claims were measured by years and not days. See *Kimber*, 668 F. Supp. at 1482 (10 years); *McCollough*, 587 F. Supp. 2d at 1173 (2 years).

Defendant prepared the lawsuit and gave the materials to the filing vendor within the statute of limitations. Additionally, Defendant dismissed the case once it knew the claim was time-barred. (Brkich Decl. ¶ 9.) Most importantly, Plaintiff suffered no harm and actually benefited from Defendant filing the lawsuit past the statute of limitations. Defendant only harmed itself from this mistake.

The Court cannot find Defendant's actions were unfair or unconscionable, and therefore, the undisputed evidence shows Defendant did not violate § 1692f.

### B.     Bona Fide Error Defense

Defendant alternatively argues that it satisfies the § 1692k bona-fide-error defense. The Court agrees that inadvertently filing the claim two days past the statute of limitations was nothing more than a bona fide error.

Section § 1692k provides that "a debt collector may not be held liable . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error." 15 U.S.C. § 1692k(c). The bona-fide-error defense is an affirmative defense where the defendant has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). To

1  determine if the defense is appropriate, courts should apply a two-step analysis: (1)
2  whether the procedures are maintained; and (2) whether the procedures will reasonably
3  prevent the particular error. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006
4  (9th Cir. 2008) (finding reliance on a creditor's report regarding the entitlement and
5  calculation of attorney's fees was not enough to establish a reasonable procedure to
6  establish the bona fide error defense).

7        Defendant's error is that it inadvertently failed to instruct the filing vendor to file
8  the complaint before the statute of limitations expired on January 16, 2013. The
9  undisputed facts show that Defendant has a policy to avoid this error, and Plaintiff only
10 argues that the policy is insufficient for the bona-fide-error defense. (Pl.'s Opp'n
11 8:23-7.) Mr. Brkich, on behalf of Defendant, declares that he personally reviews the
12 debts for statute-of-limitation issues. (Brkich Decl. ¶ 8.) Additionally, Defendant
13 provides the filing vendor with a "File and Serve Request Form" that contains
14 instructions for the "last day for filing." (*Id.*; Def.'s Ex. 2.) On the Request Form,
15 Defendant can indicate to the filing vendor that there is a "rush" to file the complaint.
16 (*Id.*) Mr. Brkich also personally reviews the invoices sent by the filing vendor after it
17 files the lawsuits. Defendant mistakenly put the incorrect date on the Request Form
18 and, consequently, the filing vendor filed the complaint past the statute of limitations.

19       Though the policy is unwritten and simple, this is a reasonable procedure to
20 avoid filing a time-barred lawsuit. It is undisputed that Mr. Brkich has never filed a
21 claim past the statute of limitations, so this policy appears to be generally sufficient to
22 avoid this type of error. (Brkich Decl. ¶ 8.) Unlike *Reichert*, where the debt collector
23 needed to show evidence of a policy to avoid a larger error of calculations and
24 authorization of attorney's fees, here, the error is simply filing the complaint two days
25 past the statute of limitations due to miscommunication. *See Reichert*, 531 F.3d at
26 1006.

27       The Court finds the undisputed evidence shows Defendant unintentionally filed
28 the lawsuit past the statute of limitations and maintains a reasonable procedure to avoid

the error. Therefore, the bona-fide-error defense in § 1692k applies to the circumstances of this case.

### IV.  CONCLUSION & ORDER[3]

In light of the foregoing, the Court **GRANTS** Defendant's motion for summary judgment. Additionally, Defendant fails to support its request for attorney's fees and costs with the relevant information needed to grant the award. Thus, the Court **DENIES WITHOUT PREJUDICE** Defendant's request for attorney's fees and costs.

**IT IS SO ORDERED.**

**DATED: December 18, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**

---

[3] Plaintiff contends his Rosenthal Act claim is based on the Court finding Defendant violated the FDCPA. Since the Court concluded above that Defendant did not violate the FDCPA, the Court need not address liability under the Rosenthal Act. Additionally, Plaintiff alleges in its opposition that Defendant's "sewer service" on Plaintiff violates the FDCPA. However, Plaintiff fails to allege this in the complaint and therefore, it falls outside the scope of this lawsuit.